UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BRACCIALE and
SAINT ANTON CAPITAL, LLC,

    Plaintiffs,

vs.                                          Case No. 8:17-cv-2040-T-27AEP

NATIONAL SOURCING, INC. and
PEDRO VALDEZ,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Emergency Motion to Extend the Temporary Restraining Order Until Resolution of the Emergency Motion to Remand (Dkt. 7). Upon consideration, the motion (Dkt. 7) is GRANTED.

This matter was removed to this Court on Friday, August 25, 2017 from Hillsborough County Circuit Court. (Dkt. 1). In the state court case, a temporary restraining order was entered on Wednesday, August 23, 2017, and a hearing was set for Monday, August 28, 2017. The temporary restraining order remains "in full force and effect up to and including **August 29, 2017** . . . ." (Dkt. 7-11). Plaintiffs seek to extend the temporary restraining order entered by the state court, the hearing on which was circumvented by Defendants' removal to this Court.

Under Fed. R. Civ. P. 65(b)(2), a temporary restraining order expires at the time set by the court, "unless before that time the court, for good cause, extends it for a like period . . . ." And, "[t]he reasons for an extension must be entered in the record." Fed. R. Civ. P. 65(b)(2). Good cause exists

when a party has delayed the resolution of a temporary restraining order by its own action or uses removal to avoid a temporary restraining order issued by the state court. *See The St. Consulting Grp., Inc. v. Payne*, No. 8:10-CV-01089-T-24AEP, 2010 WL 2804860, at *1 (M.D. Fla. July 15, 2010); *Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1009–10 (S.D. Ohio 2007).

I find that good cause exists to extend the temporary restraining order. *See The St. Consulting Grp., Inc.*, 2010 WL 2804860, at *1; *Am. Sys. Consulting, Inc.*, 514 F. Supp. 2d at 1009–10. By removing the action from state court, Defendants delayed the resolution of the state court order. Accordingly, Plaintiffs' Emergency Motion to Extend the Temporary Restraining Order Until Resolution of the Emergency Motion to Remand is **GRANTED**. The temporary restraining order attached to this Order is extended pending further order of the Court.[1]

**DONE AND ORDERED** this 29th day of August, 2017 at 4:36 p.m.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[1] *See* Middle District of Florida Local Rule 1.04(b).

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
# CIVIL DIVISION

STEPHEN BRACCIALE and SAINT
ANTON CAPITAL, LLC,

        Plaintiffs,

vs.                                        Case No.: 17-CA-007866

NATIONAL SOURCING, INC.
And PEDRO VALDEZ,

        Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

THIS MATTER, having come before the Court on the Verified Emergency *Ex Parte* Motion for Temporary Injunction ("Verified Motion") filed by Plaintiffs Steve Bracciale ("Bracciale") and Saint Anton Capital, LLC ("SAC" and collectively, "Plaintiffs") against Defendants Pedro Valdez ("Valdez") and National Sourcing, Inc. ("NSI" and collectively, "Defendants"), and the Court having reviewed the Verified Motion and exhibits, the Plaintiffs' Verified Complaint and exhibits, and being otherwise fully and duly advised in the premises.

NOW, THEREFORE, the Court finds as follows:

1. It has the jurisdiction of the parties and the subject matter.

2. The Temporary Restraining Order is necessary to preserve the status quo. The Court had offered Thursday, August 24, 2017 at 8:30am for a hearing on the Verified Motion, but counsel for Defendants were not available at that time. Thus, to preserve the status quo until the hearing on the Verified Motion, the Court enters this Temporary Restraining Order.

3. If a Temporary Restraining Order is not granted at this time, the Plaintiffs will suffer immediate and irreparable injury and loss including continued harm to the goodwill,

reputation, and advantageous business relationships that Bracciale has built up with NSI's business partners. Pursuant to the Verified Motion, Valdez and NSI have failed to pay NSI's business partners, while Valdez has personally withdrawn money from NSI's bank account and taken a 64% raise in salary.

4. This order should be, and is, granted without notice because there is sufficient cause shown given the exceptional circumstances stated above and because of the immediate and pressing need to preserve the status quo pending further proceedings.

5. Good cause is shown for the granting of the order without bond as this order is being entered to maintain the status quo until a hearing on Monday, August 28, 2017, because counsel for Defendants were not available for a hearing on Thursday, August 24, 2017.

BASED UPON the foregoing, this Court orders as follows:

    A. A Temporary Restraining Order is hereby **GRANTED**.

    B. Valdez and NSI, its officers, agents, employees or representatives, all individuals or entities working with Valdez and/or NSI, and all others with notice of this Temporary Restraining Order are immediately restrained and enjoined from:

        i. Withdrawing, moving, and/or removing funds from NSI's bank accounts, except to pay payroll on or before August 25, 2017;

        ii. Charging to or withdrawing funds from any and all credit cards held by or in the name of NSI;

        iii. Entering into any agreements or contracts with third parties for services to be paid by NSI;

        iv. Incurring any liabilities on behalf of NSI; and

        v. Committing acts that would jeopardize the ongoing operations of NSI.

C. The Temporary Restraining Order is granted immediately, without notice and without bond.

D. A hearing on Plaintiffs' Verified Emergency *Ex Parte* Motion for Temporary Injunction is set for **August 28, 2017** at **3:30p.m.**

E. This Temporary Restraining Order shall remain in full force and effect up to and including **August 29, 2017**, unless modified or extended by Order of this Court.

**DONE AND ORDERED** at Tampa, Hillsborough County, Florida this 23 day of August, 2017 at 2:30 am/pm.

Honorable Gregory P. Holder, Circuit Judge

Copies furnished to counsel of record